UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jose Monserrato Martinez, Jr., | Case No. 15-cv-2636 (WMW/TNL) |
| Plaintiff, | **ORDER ADOPTING IN PART, REJECTING IN PART, AND MODIFYING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| v. | |
| Bureau of Prisons, Warden FPC Duluth, Warden FMC Rochester | |
| Defendants. | |

---

This matter is before the Court on the August 11, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung. (Dkt. 37.) The R&R recommends granting Defendants' March 2, 2016 motion to dismiss. For the reasons addressed below, the Court adopts in part, rejects in part, and modifies the R&R as outlined herein. Accordingly, Defendants' motion to dismiss is denied.

## BACKGROUND

Plaintiff Jose Monserrato Martinez, Jr., who currently is incarcerated, submitted an administrative claim for damages to the Bureau of Prisons ("BOP") under the Federal Tort Claims Act on July 18, 2014. Martinez's administrative claim alleged the following facts:

> While housed at Duluth FCI Camp, I was given a pair of steel toe boots, which were given to me with full knowledge I am diabetic. I told CO I could not wear steel toes, and asked for something else, which was denied. I was forced to wear the steel toes, which caused blisters and bleeding to my feet on [the] first day. I was denied immediate medical care, and [my] toes and feet became infected. I had to wait four days to be seen by a doctor. I was forced to go to [an] outside hospital for treatment, and now

> have cronic [sic] problems with my toes and feet, due to the deliberate indifference to this serious medical problem I had experienced. I have been forced to suffer undue pain and suffering.

On December 17, 2014, BOP denied Martinez's administrative claim. The mailing of the notification denying Martinez's administrative claim triggered a six-month period in which Martinez could file a lawsuit in an appropriate United States District Court. 28 C.F.R. § 14.9(a).

On June 3, 2015, Martinez commenced this action against Defendants by filing a petition for writ of habeas corpus ("Petition") with this Court, seeking to hold Defendants BOP, Warden FPC Duluth, and Warden FMC Rochester guilty of "medical indifference" and seeking monetary damages. Martinez attached to this Petition his administrative tort claim, denial letter, and related documents. When considering Martinez's request for *in forma pauperis* status, the magistrate judge observed that a habeas petition is not the proper procedural vehicle through which to bring a medical indifference claim, but that the district court may, with Martinez's permission, construe Martinez's Petition as a civil complaint. Martinez subsequently confirmed via letter that he intends to pursue this matter as a civil action.

On March 2, 2016, Defendants moved to dismiss this action. (Dkt. 20.) Specifically, Defendants argue that dismissal is warranted because Martinez failed to provide an affidavit of expert review, which Minnesota law requires in medical malpractice claims. *See* Minn. Stat. § 145.682 (2016). In response, Martinez submitted a two-page letter and ten pages of what appear to be selected excerpts of his medical

2

records.[1]  (Dkts. 29, 30.)  Martinez argues that his medical records "speak for themselves and can, if read thoroughly, support [his] claims."

The magistrate judge issued an R&R on August 11, 2016.  (Dkt. 37.)  Construing Martinez's Petition as a medical malpractice action arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, the R&R concludes that Martinez must comply with the requirements of Minnesota Statutes Section 145.682.  That statute requires a plaintiff in a malpractice case to serve the defendant with an affidavit of expert review, together with the summons and complaint, if an expert witness is necessary to establish a prima facie case of malpractice.  The R&R also concludes that Martinez has not demonstrated that excusable neglect prevented his compliance with the affidavit requirement.  For these reasons, the R&R recommends granting Defendants' motion and dismissing this case without prejudice.  No objections to the R&R have been filed in the time permitted.

## ANALYSIS

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  LR 72.2(b)(1).  In the absence of timely objections, this Court reviews the R&R for clear error.  *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

---

[1]  Although the docket and the R&R refer to this as a "Motion to Reconsider," (Dkt. 29), substantively it is a response in opposition to Defendants' motion to dismiss.  Therefore, although the R&R recommends denying Martinez's "Motion to Reconsider," the Court will consider but need not separately rule on this filing.

The district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). When doing so, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). No party objected to the R&R in this case. Although a district judge is not *required* to review an R&R de novo if no objections are filed, the district court is not precluded from reviewing an R&R "*sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (observing that a "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment"); *accord Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 n.3 (8th Cir. 2015).

In relevant part, Minnesota Statues Section 145.682 provides as follows:

> Subd. 2. **Requirement.** In an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case, the plaintiff must: (1) unless otherwise provided in subdivision 3, paragraph (b), serve upon defendant with the summons and complaint an affidavit as provided in subdivision 3 . . . .

> Subd. 3. **Affidavit of expert review.** The affidavit required by subdivision 2, clause (1), must be by the plaintiff's attorney and state that:

>> (a) the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff; or

CASE 0:15-cv-02636-WMW-TNL   Document 41   Filed 09/30/16   Page 5 of 10

> (b) the expert review required by paragraph (a) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit in paragraph (a) must be served on defendant or the defendant's counsel within 90 days after service of the summons and complaint.

Minn. Stat. § 145.682, subds. 2, 3. As the R&R also observes, "Minnesota courts require strict compliance with the procedural requirements set forth in section 145.682." *Flores v. United States*, 689 F.3d 894, 900 (8th Cir. 2012) (citing *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 726 (Minn. 2005)). The United States Court of Appeals for the Eighth Circuit has explained that "[a] plaintiff's failure to provide an expert affidavit may be excused only if: (1) expert testimony is not needed to establish negligence; or (2) if the plaintiff shows excusable neglect in failing to timely serve the affidavits." *Id.*

I.   **Expert Testimony Is Necessary in this Case to Establish Negligence**

As to the first exception to the expert affidavit requirement, the R&R correctly explains that "[i]n order to prove medical negligence, a plaintiff usually must offer expert testimony with respect to the standard of care and establish that the defendant doctor departed from that standard." *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 191 (Minn. 1990). The "exceptional cases in which expert testimony is not necessary" to prove medical negligence are "rare." *Id.* In such cases, the court must make a finding that expert testimony is not necessary and that, therefore, the affidavit requirement is inapplicable. *Id.* For the reasons detailed in the R&R, Martinez's allegations in this case do not warrant such a finding because this is not the "rare" and "exceptional" case in which a prima facie case of medical negligence can be made without expert testimony.

5

*See Bellecourt v. United States*, 784 F. Supp. 623, 637-38 (D. Minn. 1992) (listing the requirements for a prima facie case of medical negligence in Minnesota). Thus, the R&R's conclusion that expert testimony is necessary in this case to establish negligence, and that an affidavit of expert review is therefore required, is not clearly erroneous.

## II.     Martinez Has Not Demonstrated Excusable Neglect

After reaching the foregoing conclusion, the R&R proceeds to discuss excusable neglect. To establish excusable neglect, Martinez must demonstrate that "(1) he has a reasonable malpractice claim on the merits, (2) he has a reasonable excuse for failing to comply with the affidavit requirements of § 145.682, (3) he diligently attempted to comply with § 145.682 after notice of the statutory time limits, and (4) defendant will not be substantially prejudiced by an extension of time to comply with the statutory time limits." *Id.* at 639.

As to the second and third "excusable neglect" factors, the R&R concludes that Martinez falls short of making the required showing of a reasonable excuse and a diligent attempt to comply. This conclusion is not clearly erroneous, and the Court adopts the R&R's analysis as to the second and third "excusable neglect" factors. The R&R also finds that Martinez does not have a reasonable case on the merits. However, the Court need not address the reasonableness of the merits of Martinez's case because Martinez's lack of both a reasonable excuse and diligence are sufficient bases to conclude that Martinez has not demonstrated excusable neglect. Thus, the Court declines to adopt the R&R's analysis with respect to the reasonableness of the merits of Martinez's case.

### III. Dismissal Is Premature

In light of the foregoing conclusions, the R&R recommends granting Defendants' motion and dismissing this case without prejudice. The Court rejects this recommendation because it is clearly erroneous for two reasons. First, as the R&R acknowledges, Minnesota Statutes Section 145.682 mandates dismissal *with prejudice* for failure to comply. Second, notwithstanding the foregoing statutory mandate, dismissal is premature in this case because Defendants have not shown that they made the necessary demand for the affidavit of expert review.

In relevant part, Minnesota Statutes Section 145.682 provides:

> Subd. 6. **Penalty for noncompliance.** (a) Failure to comply with subdivision 2, clause (1), *within 60 days after demand for the affidavit* results, upon motion, in *mandatory dismissal with prejudice* of each cause of action as to which expert testimony is necessary to establish a prima facie case.

Minn. Stat. § 145.682, subd. 6(a) (emphasis added). Under the plain language of the statute, dismissal with prejudice is mandatory if a plaintiff fails to comply with the expert affidavit requirements. *See Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163, 1164 (8th Cir. 1989) ("Failure to comply with section 145.682 results in mandatory dismissal with prejudice."). Defendants expressly seek dismissal *without* prejudice but provide no legal basis for ignoring the statutory mandate that dismissal must be *with* prejudice. Similarly, the R&R provides no legal basis for ignoring this mandate, and the Court is unaware of any such legal basis. Accordingly, this aspect of the R&R is clearly erroneous.

However, this conclusion does not end the analysis. When a plaintiff serves the summons and complaint without either an affidavit of expert review or an affidavit of

delay, "a 60 day demand *is a prerequisite for dismissal*" under Minnesota Statutes Section 145.682. *Paulos v. Johnson*, 502 N.W.2d 397, 399 (Minn. Ct. App. 1993) (emphasis added). The 60-day period for providing an affidavit of expert review does not begin until a demand has been made. *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 215 (Minn. 2007) (concluding that defendants' interrogatories were insufficient to constitute such a demand). Therefore, dismissal is mandated only if the plaintiff fails "to provide the required expert review affidavit *within 60 days after demand for it*." *Kloss v. Wal-Mart Stores, Inc.*, No. 11-cv-3382, 2013 WL 268936, at *11 (D. Minn. Jan. 24, 2013) (emphasis in original). In *Kloss*, the court concluded that dismissal was inappropriate because, although the plaintiff failed to provide the defendant with an affidavit of expert review, the defendant had "not shown that it made any demand to Plaintiff regarding the required expert review affidavit or that Plaintiff failed to adequately respond within 60 days." *Id.*

Here, as in *Kloss*, the record does not reflect that Defendants made any demand on Martinez regarding the affidavit of expert review, and the R&R does not address this deficiency. To be sure, courts have found that the "demand" step in Section 145.682 can be satisfied by pleadings, interrogatories, or motion papers that are not specifically labeled as a "demand." *See Crow v. Severs*, No. 12-CV-2216, 2014 WL 468219, at *6 (D. Minn. Feb. 6, 2014) (concluding that express demand for compliance in motion to dismiss satisfied demand requirement); *Brown-Wilbert*, 732 N.W.2d at 215 (observing that interrogatories can satisfy the demand requirement if they are sufficiently specific in demanding compliance). But here, nothing in the record reflects that Defendants either

8

explicitly or implicitly demanded compliance with the affidavit requirement; rather, Defendants have skipped the demand step entirely and instead seek immediate dismissal. Indeed, the court in *Kloss* concluded that the statutory "demand" step had not been satisfied notwithstanding the defendant's motion to dismiss for failure to comply with the expert affidavit requirement. 2013 WL 268936, at *11.

Because Defendants have not made the prerequisite demand for an affidavit of expert review, Martinez's 60-day period to provide an affidavit of expert review has not begun. Accordingly, dismissal based on a failure to comply with Minnesota Statutes Section 145.682 is not warranted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation, (Dkt. 37), is **ADOPTED** to the extent that it concludes that expert testimony is necessary in this case to establish negligence.

2. The Report and Recommendation, (Dkt. 37), is **ADOPTED AS MODIFIED**, as outlined herein, to the extent that it concludes that Plaintiff has not established excusable neglect.

3. The Report and Recommendation, (Dkt. 37), is **REJECTED** to the extent that it recommends dismissal of this case without prejudice, and **MODIFIED** as outlined herein. If Defendants make a demand for an affidavit of expert review pursuant to Minnesota Statutes Section 145.682, Plaintiff must serve an affidavit of expert review within 60 days after any such demand.

    4.       Defendants' motion to dismiss, (Dkt. 20), is **DENIED**.


Dated:  September 30, 2016                               s/Wilhelmina M. Wright
                                                                             Wilhelmina M. Wright
                                                                             United States District Judge