UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose Monserrato Martinez, Jr.,　　　　　　　　　　Case No. 15-cv-2636 (WMW/TNL)

　　　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　**ORDER ADOPTING REPORT AND
　　　　　　　　　　　　　　　　　RECOMMENDATION AS MODIFIED**

Bureau of Prisons, Warden FPC Duluth,
and Warden FMC Rochester,

　　　　　　Defendants.

This matter is before the Court on the March 2, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung. (Dkt. 61.) The R&R recommends granting Defendants' December 13, 2016 motion to dismiss. For the reasons addressed below, the Court adopts the R&R as modified herein.

Plaintiff Jose Monserrato Martinez, Jr., commenced this action by filing a habeas petition, but he does not seek habeas relief. Rather, Martinez seeks damages for Defendants' "deliberate indifference to [his] serious medical problem" and challenges the administrative denial of a claim brought under the Federal Tort Claims Act. When considering Martinez's request for *in forma pauperis* status, the magistrate judge observed that a habeas petition is not the proper procedural vehicle by which to bring a medical indifference claim. But the magistrate judge opined that, with Martinez's permission, the district court may construe Martinez's habeas petition as a civil complaint. Martinez subsequently confirmed via letter that he intends to pursue this matter as a civil action. But Martinez did not clarify the legal basis for his civil claims.

A district court may liberally construe a *pro se* plaintiff's habeas petition as a civil complaint when, as here, the plaintiff does not challenge a conviction or seek a remedy that would result in an early release from prison. *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014). Typically, in such circumstances, the habeas petition is construed as a constitutional claim challenging conditions of confinement. *See, e.g.*, *id.* at 471 (observing that a *pro se* plaintiff's habeas petition may be liberally construed as a civil action asserting a constitutional violation).

Here, Martinez's habeas petition and supporting documents do not expressly refer to the United States Constitution. Instead, Martinez seeks monetary damages based on what appears to be a challenge to the administrative denial of a Federal Tort Claims Act claim based on the medical care he has received. Thus, Defendants and the Court have, to date, construed Martinez's habeas petition as a civil complaint claiming medical malpractice. Dismissal of Martinez's medical-malpractice claims with prejudice is required for the reasons addressed in the R&R. Martinez's objections to the R&R—on the basis that he has "attempted" and "intended" to comply with the statutory requirements and has had difficulty doing so—do not alter the merit of the R&R's conclusion. For these reasons, the Court adopts the R&R's conclusion that Martinez's medical-malpractice claims must be dismissed with prejudice.

An alternate construction of Martinez's habeas petition is that it is a challenge to the conditions of his confinement under the Eighth Amendment to the United States Constitution. Indeed, Martinez's habeas petition references Defendants' alleged "deliberate indifference to [a] serious medical problem." This assertion appears to

invoke the deliberate-indifference standard that applies to alleged violations of a prisoner's Eighth Amendment rights. *See Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). A claim of deliberate indifference to a medical need in violation of the Eighth Amendment requires proof of the presence of objectively serious medical needs, that prison officials actually knew of those needs, and that the officials deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). This type of constitutional claim also must be dismissed—but *without* prejudice—for the reasons addressed below.

A federal prisoner in a Bureau of Prisons (BOP) facility may bring a constitutional claim against an individual federal officer, subject to the defense of qualified immunity, but the prisoner may not bring such a claim against "the officer's employer, the United States, or the BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). "With respect to the alleged constitutional deprivation, [the prisoner's] only remedy lies against the individual." *Id.*; *see also Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). These principles of sovereign immunity present a threshold question as to this Court's subject-matter jurisdiction. *See Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 686 (8th Cir. 2011). Thus, Martinez's claim against the BOP challenging the conditions of his confinement on constitutional grounds is barred by sovereign immunity and must be dismissed without prejudice for lack of subject-matter jurisdiction. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th

Cir. 2011) (explaining that dismissal for lack of subject-matter jurisdiction based on sovereign immunity must be *without* prejudice).

Martinez also names as defendants "Warden FPC Duluth" and "Warden FMC Rochester." When, as here, a complaint asserting a constitutional violation "does not specifically name the defendants in their individual capacities, [courts] presume that [the plaintiff] sued them only in their official capacities." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). Moreover, a suit against a public officer in the party's official capacity is a suit against the entity for which that official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006); *accord Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Although Martinez has sued "Warden FPC Duluth" and "Warden FMC Rochester," the United States is the real party in interest; and sovereign immunity bars those claims as well. Thus, Martinez's claims against Warden FPC Duluth and Warden FMC Rochester challenging the conditions of his confinement on constitutional grounds also must be dismissed without prejudice for lack of subject-matter jurisdiction.

Accordingly, the Court adopts the R&R but modifies it such that Martinez's constitutional challenges to the conditions of his confinement are dismissed *without* prejudice for lack of subject-matter jurisdiction.

**ORDER**

Based on the March 2, 2017 Report and Recommendation, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Jose Monserrato Martinez, Jr.'s objections to the March 2, 2017 Report and Recommendation, (Dkt. 63), are **OVERRULED**;

2. The March 2, 2017 Report and Recommendation, (Dkt. 61), is **ADOPTED AS MODIFIED**, as outlined herein;

3. Plaintiff Jose Monserrato Martinez, Jr.'s motion for extension of time, (Dkt. 49), is **DENIED**;

4. Defendants' motion to dismiss, (Dkt. 50), is **GRANTED**;

5. Plaintiff's medical-malpractice claims are **DISMISSED WITH PREJUDICE**; and

6. Plaintiff's constitutional claims challenging the conditions of his confinement are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 23, 2017              s/Wilhelmina M. Wright  
                                 Wilhelmina M. Wright  
                                 United States District Judge